# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AISHA COOKS-PUTNAM,

           Plaintiff(s),

vs.

TRUMP LAS VEGAS CORP., et al.,

           Defendant(s).

Case No. 2:15-cv-01166-GMN-NJK

ORDER

(Docket No. 19)

Pending before the Court is the Plaintiff's motion to stay discovery. Docket No. 19. Defendants filed a response in opposition. Docket No. 25; *see also* Docket No. 26 (joinder). To date, no reply has been filed.[1] The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to stay is hereby **DENIED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the

---

[1] The Court ordered that any reply had to be filed no later than August 27, 2015. *See* Docket No. 24.

potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

     In this instance, the motion to stay fails from the outset. In conducting its analysis, the Court balances the expense of conducting unnecessary discovery in the event the underlying motion is eventually granted against the delay caused by staying discovery. *See id.* at 582. When the resolution of that underlying motion does not alter the ultimate need for the discovery to be taken, it is not "dispositive" for purposes of the *Tradebay* analysis. *See id.* (holding that motion to transfer is not dispositive). In this instance, even if the underlying motion to remand is granted, that will not render any discovery conducted moot or otherwise result in a waste of the parties' resources. "This action will either continue in federal court or in state court. Unless the case settles, discovery will proceed regardless of the outcome of the District Court's remand decision." *Grammer v. Colo. Hosp. Ass'n Shared Servs.*, 2015 U.S. Dist Lexis 83966, *5 (D. Nev. June 26, 2015). Hence, staying discovery pending resolution of the motion to remand would only serve to delay the proceedings with no possible countervailing benefit.[2]

     Accordingly, the motion to stay discovery is hereby **DENIED**. The Court hereby **ORDERS** the parties to submit a proposed discovery plan no later than September 8, 2015.

     IT IS SO ORDERED.

     DATED: August 31, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] The Court is cognizant of the authority finding motions to remand "dispositive" for purposes of a magistrate judge's authority under 28 U.S.C. § 636. *See, e.g.*, *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). Within the context of the *Tradebay* analysis, however, the Court finds the motion to remand not dispositive since it does not impact the ultimate need for discovery.